IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAIL RICHARDS, individually and on behalf of herself and all others similarly situated<br>1721 Jackson Street<br>Scranton, PA 18504<br><br>        Plaintiff<br><br>    vs.<br><br>CLIENT SERVICES, INC.<br>3451 Harry Truman Boulevard<br>St. Charles, MO 63301-4047<br>        Defendant | CLASS ACTION<br><br><br><br>NO.<br><br><br><br>(FILED ELECTRONICALLY) |

## CLASS COMPLAINT

## I.   INTRODUCTION

1.    This is a consumer class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA") which prohibits debt collectors from engaging in deceptive and unfair practices.

2.    Defendant, Client Services, Inc., sent collection demands to Plaintiff and the class which deceptively failed to disclose that interest would continue to accrue on the unpaid balance.

3.    Client Services, Inc.'s collection tactics are deceptive, misleading, and unfair, in violation of 15 U.S.C. § 1692e.

II.   **JURISDICTION**

4.      Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §§1331 and 1337.

5.      In personam jurisdiction exists and venue is proper, as Defendant does business in this district and has caused harm in this district.

III.   **PARTIES**

6.      Plaintiff, Gail Richards, ("Plaintiff" or "Richards") is a consumer who resides in Scranton, Pennsylvania at the address captioned.

7.      Defendant, Client Services, Inc., ("Client Services") is believed to be a Missouri corporation with a principal place of business in St. Charles, Missouri and a mailing address as captioned.

IV.   **FACTUAL ALLEGATIONS**

8.      On July 22, 2013, Defendant sent Plaintiff a collection notice seeking to collect an old consumer debt alleged due to Citibank, N.A.   A copy of the collection notice is attached hereto as Exhibit "A", redacted per Fed. R. Civ. P. 5.2.

9.      Defendant's July 22, 2013 letter contained the statement: "BALANCE DUE:  $6,485.42."  The letter does not state the date on which the amount allegedly due is calculated, and does not explain that interest would continue to accrue on unpaid principal.

10.     Defendant's July 22, 2013 letter could reasonably be read to have two different meanings, one of which is inaccurate.  The letter could have meant that accruing interest and the total amount due were calculated on the date the letter was written.

11.     Alternatively, the letter could have meant that the amount of the debt was static and that no interest or other fees were accruing on the account.  Under such an interpretation, payment of the claimed amount would satisfy the debt in full, irrespective of when the payment was made.

12.     The claimed balance continued to increase after the date of the letter.  Thus, the interpretation of the letter that the account was static, and that no other interest or fees were accruing, was misleading.  *See Lukawski v. Client Services*, 2013 WL 4647482 (M.D. Pa. Aug. 29, 2013) (granting summary judgment to consumer under § 1692e regarding instant language in a dunning letter), recons. den'd 2013 WL 5874864 (M.D. Pa. Oct. 30, 2013).

13.     The FDCPA prohibits debt collectors from using false, deceptive or misleading means in an attempt to collect a debt alleged due, including misrepresenting the character, status, or amount of the alleged debt.  15 U.S.C. §1692e, §1692e(2), and §1692e(10).

## V.  <u>CLASS ALLEGATIONS</u>

14.    The underlying debts of Richards and the class she seeks to represent arise from obligations incurred primarily for personal, family or household use.

15.    Plaintiff brings this action on her own behalf and on behalf of a class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

16.    The class is composed of all residents within the Middle District of Pennsylvania to whom Defendant sent collection letters in the form of, or substantially similar to, Exhibit "A," within one year prior to the date of filing of this Complaint.  Plaintiff proposes to define the class as:

(a)    All persons with addresses in the Middle District of Pennsylvania;

(b)    to whom letters were sent by Client Services;

(c)    during the one year period prior to the filing of the Complaint in this action;

(d)    in an attempt to collect a debt incurred primarily for personal, family or household purposes;

(e)    which debt was accruing interest;

(f)    in which letter Client Services states a "Balance Due";

(g)    does not state the date the balance was calculated; and

4

(h)     does not state that interest would continue to accrue on the unpaid balance due.

17.     The class is believed to be so numerous that joinder of all members is impractical.  The Complaint concerns mass-produced form collection letters.

18.     There are questions of law or fact common to the class.  These include:

(a)     whether Defendant violated 15 U.S.C. §1692e by falsely, deceptively or misleadingly representing the balance of the account claimed due;

(b)     whether Defendant engaged in a false or deceptive collection practice as to the true balance on the account alleged due; and

(c)     the statutory damages for the violation of the Act.

19.     The claims of Plaintiff are typical of those of the class.  All are based on the same factual and legal theories.

20.     Plaintiff will fairly and adequately protect the interest of the class. Plaintiff has no interest antagonistic to those of the class.

21.     Plaintiff's counsel is competent and experienced in consumer credit cases and class actions.

22.     Defendant has acted on grounds generally applicable to the class thereby making final relief appropriate with respect to the class as a whole.

23.    The questions of law and fact common to the class predominate over any questions affecting only individual members.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

24.    The class members are consumer debtors who may be unable to locate or afford to hire lawyers.  Most are probably unaware that their rights, and the FDCPA, have been violated.

25.    The class may be certified under Rule 23(b)(3), as such represents a superior method for the fair and efficient adjudication of this controversy in that:

(a)    Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute.  15 U.S.C. §1692k.

(b)    Most of the class members are not aware of their rights and have no knowledge that their rights are being violated by illegal and deceptive collection practices.    The essence of Defendant's collection tactics is the deception of consumers.

(c)    The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA is $1,000.00, and the class action vehicle would be efficient.

## <u>COUNT I - FAIR DEBT COLLECTION PRACTICES ACT</u>

26.    Defendant, by mailing or causing to be mailed collection notices substantially in the form of Exhibit "A" to Plaintiff and the members of the class, has violated:

(a)    15 U.S.C. §1692e by using false, deceptive or misleading representations and means in connection with the collection of consumer debt as set forth above;

(b)    15 U.S.C. §1692e(2) by misrepresenting the balance of the account claimed due;

(c)    15 U.S.C. §1692e(10) by using false and deceptive means in an attempt to collect a consumer debt alleged due.

**WHEREFORE,** Plaintiff, Gail Richards, prays that this Court certify the class and enter a judgment for Plaintiff and the class members against Defendant, Client Services, Inc., by:

(a)    awarding damages to Plaintiff and to the class as provided by 15 U.S.C. §1692k;

(b)    awarding Plaintiff and the class their costs and reasonable attorney's fees; and

(c)    granting such other relief as may be deemed just and proper.

## VI.   DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

DATE: 7/21/14

CARY L. FLITTER, PA 35047
THEODORE E. LORENZ. PA 67795
ANDREW M. MILZ, PA 207715

**FLITTER LORENZ, P.C.**
450 N. Narberth Avenue, Suite 101
Narberth, PA  19072
Phone: (610) 822-0782
Facsimile: (610) 667-0552
Email: cflitter@consumerslaw.com

CARLO SABATINI, PA 83831
BRETT FREEMAN, PA 308834
**SABATINI LAW FIRM, LLC**
216 N. Blakely Street
Dunmore, PA 18512
Phone: (570) 341-9000
Facsimile: (570) 504-2769
Email: ecf@bankruptcypa.com

**Attorneys for Plaintiff and the Class**

# Exhibit A

Letter dated July 22, 2013

CLIENT SERVICES, INC.
3451 HARRY S TRUMAN BLVD
ST CHARLES, MO 63301-4047

1-800-521-3236

Office Hours (Central Time):

Monday-Thursday: 8am-9pm
Friday: 8am-5pm
Saturday: 8am-12pm
Sunday: Closed

REFERENCE NUMBER
2738

07/22/2013

 GAIL I RICHARDS
1721 JACKSON ST
SCRANTON PA 18504-3412

RE: Citibank, N.A. - SEARS GOLD MASTERCARD
ACCOUNT NUMBER: XXXXXXXXXXXX1586
BALANCE DUE: $ 6,485.42

Good News!

Your creditor has agreed to accept $2,595.00 as settlement of the above Citibank, N.A. - SEARS GOLD MASTERCARD account, for less than the amount owed.

Reserving the right to negotiate, this offer is valid for twenty (20) days from the date of this letter.

You may make a payment(s) to our office by calling our toll free telephone number at 1-877-288-0504, or by sending payment(s) made payable to Citibank, N.A. and send payment(s) to Client Services, Inc, P.O. Box 1503, Saint Peters, MO 63376.

You may also make payment(s) online by visiting www.clientservices.com/payment OR by using our pay-by-phone option at 1-877-552-5905.

If you are unable to pay the above settlement offer in full, please contact our office for payment(s) options which might be available to you.

We look forward to working with you in resolving this matter.

Thank you,

Robert Cowper

If you have any questions or concerns regarding how your account has been handled by Client Services, Inc., please contact our consumer affairs department toll free at 1-877-665-3439.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Whenever $600.00 or more in principal of a debt is forgiven as a result of settling a debt for less than the balance owing, the creditor may be required to report the amount of the debt forgiven to the Internal Revenue Service on a 1099C form, a copy of which would be mailed to you by the creditor. If you are uncertain of the legal or tax consequences, we encourage you to consult your legal or tax advisor.

FOR IMPORTANT RIGHTS AND PRIVILEGES WHICH MIGHT APPLY TO YOUR STATE OF RESIDENCE PLEASE SEE BELOW OR REVERSE SIDE (IF FAXED THEN FOLLOWING PAGE)

CBSO2
000613*

**CALIFORNIA**
As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Non-profit credit counseling services may be available in the area.

**COLORADO**
FOR MORE INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. THE ADDRESS AND TELEPHONE NUMBER FOR CLIENT SERVICES, INC.'S LOCAL COLORADO OFFICE IS: The Executive Building, Attn: Allen Stokes as agent for Client Services, Inc., 1776 S. Jackson St., Suite 900, Denver, CO 80210; TEL:(303) 753-0945.

**IDAHO**
If the debt collector has a managerial or financial interest in the creditor, or the creditor has a managerial or financial interest in the debt collector, every communication with the debtor must disclose the interest.

**KANSAS**
An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living, has been requested. You have the right to request additional information, which includes the nature and scope of the investigation.

**MASSACHUSETTS**
NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

**MINNESOTA**
This collection agency is licensed by the Minnesota Department of Commerce.

**NEW YORK CITY**
New York City Department of Consumer Affairs License Number: 1306512

**NORTH CAROLINA**
North Carolina Permit Number: 100705

**TENNESSEE**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**UTAH**
As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**WISCONSIN**
This collection agency is licensed by the Division of Banking, P.O. Box 7876, Madison, Wisconsin 53707