IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAIL RICHARDS, individually and on behalf of herself and all others similarly situated<br>　　　　　　　　　　Plaintiff<br><br>vs.<br><br>CLIENT SERVICES, INC.<br>　　　　　　　　　　Defendant | CLASS ACTION<br><br>NO. 14-cv-1402<br><br>(JUDGE A. RICHARD CAPUTO)<br><br>FILED ELECTRONICALLY |

## PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PRELIMINARY DETERMINATION ON CLASS CERTIFICATION (UNCONTESTED)

Plaintiff, Gail Richards, moves the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for preliminary approval of a Class Action Settlement.

1.　Plaintiff Gail Richards brings this case as a class action against Defendant Client Services, Inc. for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 et seq.

2.　Plaintiff has averred that Defendant routinely sent out collection communications which misrepresented the running of interest on accounts in violation of Section 1692e(2)(A) of the FDCPA. That section states a debt collector may not falsely represent "the character, amount, or legal status of any debt." Although the Defendant was accruing interest on Plaintiff's account, the July 22, 2013 collection letter it sent to her did not disclose that fact and instead asserted that a fixed sum was owed. (See Exhibit "1" to Plaintiff's Memorandum in Support,

collection letter). This Court has thrice held that where a collector alleges that a specific sum is owed, the letter must disclose that the balance will increase due to interest, or be deemed deceptive under the FDCPA. *See Lukawski v. Client Servs., Inc.*, 2013 WL 4647482 (M.D. Pa. Aug. 29, 2013), *reconsideration denied*, 2013 WL 5874864 (M.D. Pa. Oct. 30, 2013) (Nealon, J.); *Michalek v. ARS National Systems, Inc.*, 2011 WL 6180498 (M.D. Pa. Dec. 13 2011) (Caputo, J).

    3.    After nine months of litigation and discovery, the parties have now reached a Settlement Agreement, subject to approval of this Court. The Settlement Agreement is attached to Plaintiff's Memorandum in Support as Exhibit "2."

    4.    Plaintiff seeks preliminary approval of the Settlement Agreement and asks that the Court make a preliminary determination on class certification. The Class is defined as follows:

> "All persons with addresses in the Middle District of Pennsylvania to whom letters were sent by Client Services between July 21, 2013 and July 21, 2014 in an attempt to collect a debt incurred primarily for personal, family or household purposes; which debt was accruing interest; where the letter states a "Balance Due"; but does not state the date the balance was calculated; and does not state that interest would continue to accrue on the unpaid balance due.

(Exhibit "2" to Plaintiff's Memorandum in Support at ¶ 1D).

    5.    The Settlement Agreement is fair, reasonable, and in the best interest of the class. It provides, *inter alia*, the following relief:

(a) A $70,000.00 settlement fund to be paid in equal shares to each Class Member who does not opt-out and to whom the Class Notice is not returned as undeliverable;

(b) Defendant will pay the costs of Notice and administration of the settlement;

(c) Notice of the class settlement will be mailed to the class of 185 individuals who were mailed the challenged letter during the Class Period;

(d) Defendant will pay Plaintiff Gail Richards $1,000.00 for her individual claims under the FDCPA and a $2,000.00 service award for her services as Class Representative, subject to Court approval;

(e) Defendant will pay Class Counsel fees and expenses up to $60,000.00, subject to Court approval;

(f) Plaintiff and the Class will release Defendant from the claims involving the collection communication as set forth in the Settlement Agreement.

(*See* Settlement Agreement, Exhibit "2" to Plaintiff's Memorandum in Support).

6.   All requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure are satisfied here.

7. The Class is so numerous that joinder of all members is impractical. Defendant has attested to approximately 185 Class Members and will provide a list with the names and last known addresses upon preliminary approval. (See Exhibit "3" to Plaintiff's Memorandum in Support, Dep. of Phil Schopp, Defendant's corporate designee, at p. 7-11).

8. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members. The principal common issues are:

(a) whether Defendant violated 15 U.S.C. §1692e by falsely, deceptively or misleadingly representing the balance of the account claimed due;

(b) whether Defendant engaged in a false or deceptive collection practice in stating the true balance on the account alleged due; and

(c) the statutory damages, if any, for the violation of the Act.

9. Ms. Richards' claim is typical of the claims of the members of the Class. All of the claims are based on the same factual and legal theories, *i.e.* -- each Class Member received the same form collection letter misrepresenting the accrual of interest *vel non* on his or her account.

10. Plaintiff will fairly and adequately protect the interests of the Class. She is committed to vigorously litigating this matter and has retained counsel experienced in prosecuting consumer class actions. (*See* Exhibits "4-6",

Certifications of Cary L. Flitter, Andrew M. Milz, and Carlo Sabatini attached to Plaintiff's Memorandum in Support).

11. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

(a) Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute. 15 U.S.C. § 1692k(a)(2)(B).

(b) The interest of Class Members in individually prosecuting separate claims against this Defendant is small because the maximum amount of statutory damages in an individual action is $1,000.00. 15 U.S.C. § 1692k(a).

(c) Management of this compact, Middle District only Class does not present any difficulties that would impede certification.

12. Pursuant to Fed. R. Civ. P. 23(e)(4), Plaintiff proposes a Notice of Class Action Settlement in the form attached as Exhibit "7" to Plaintiff's Memorandum in Support which affords Class Members the opportunity to request exclusion and informs Class Members of their right to object to the Class Action Settlement.

13. As set forth in the attached Memorandum and Certifications of Counsel, which are incorporated herein, the proposed settlement was reached after arms-

length negotiations, provides substantial cash relief for class members, and is eminently fair, reasonable and in the best interests of the Class. The settlement is recommended by Class Counsel.

WHEREFORE, for the reasons set forth more fully in the within Memorandum of Law, and attached certifications, the Court should make a preliminary determination on class certification and preliminary approval should be granted, such that Notice may issue to the Class.

Date: 5/20/15

/s/ Cary L. Flitter
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
FLITTER LORENZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782

CARLO SABATINI
BRETT FREEMAN
SABATINI LAW FIRM, LLC
216 N. Blakely Street
Dunmore, PA 18512
(570) 341-9000

**Attorneys for Plaintiff and the Class**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAIL RICHARDS, individually and on behalf of herself and all others similarly situated<br>　　　　　　　　Plaintiff<br><br>vs.<br><br>CLIENT SERVICES, INC.<br>　　　　　　　　Defendant | CLASS ACTION<br><br>NO. 14-cv-1402<br><br>(JUDGE A. RICHARD CAPUTO)<br><br>FILED ELECTRONICALLY |

## CERTIFICATE OF SERVICE

I, ANDREW M. MILZ, hereby certify that a copy of Plaintiff's Motion for Preliminary Approval of Class Settlement (Uncontested) has been electronically filed with the Clerk of Court using the CM/ECF system, which sent notification of such filing to:

> Andrew Schwartz, Esquire
> MARSHALL DENNEHY
> WARNER COLEMAN & GOGGIN
> 2000 Market Street, Suite 2300
> Philadelphia, PA 19103
> **Attorney for Defendant**

Said document is available for viewing and downloading from the ECF system.

Date: May 20, 2015　　　　　　　　　　/s/ Andrew M. Milz
　　　　　　　　　　　　　　　　　　　ANDREW M. MILZ