IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAIL RICHARDS, individually and on behalf of herself and all others similarly situated<br><br>                        Plaintiff | CLASS ACTION |
| vs. | NO.  14-cv-1402 |
| CLIENT SERVICES, INC.<br>                        Defendant | (FILED ELECTRONICALLY) |

## ORDER OF PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT AND PRELIMINARY
## DETERMINATION OF CLASS ACTION STATUS

WHEREAS, the Court has been advised that the parties to this action, Gail Richards (hereinafter referred to as "Plaintiff" or "Class Representative"), individually and on behalf of the "Class Members" (as defined below), and Defendant Client Services, Inc. (hereinafter referred to as "Client Services" or "Defendant"), have agreed, subject to Court approval, to settle the above-captioned lawsuit (hereinafter referred to as the "Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement (hereinafter referred to as the "Agreement"). The definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

NOW, THEREFORE, based upon the Agreement and all of the records and proceedings herein, and it appearing to the Court upon preliminary examination that the Agreement appears fair, reasonable and adequate, and that a hearing

should be held to determine finally whether the Agreement and settlement are fair, reasonable and adequate, whether to grant class certification for purposes of settlement, and to determine whether a Final Order and Judgment should be entered in this Lawsuit;

The Court makes a preliminary determination that the Class may be certified under Fed. R. Civ. P. 23;

IT IS HEREBY ORDERED:

1.　　The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2.　　In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715, Client Services has or shall promptly provide written notice of the proposed class settlement to the appropriate authorities.

3.　　<u>CLASS MEMBERS</u> – Pursuant to Fed. R. Civ. P. 23(b)(3), the Court has made a preliminary determination of certification, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members"):

> All persons with addresses in the counties comprising the Middle District of Pennsylvania, to whom letters were sent by Client Services, between July 21, 2013 and July 21, 2014, in an attempt to collect a debt incurred primarily for personal, family or household purposes, which debt was accruing interest, where the letter states a "Balance Due", but does not state the date the balance was calculated, and does not state that interest would continue to accrue on the unpaid balance due.

4.    CLASS   REPRESENTATIVE   AND   CLASS   COUNSEL
APPOINTMENT – Pursuant to Fed. R. Civ. P. 23, Plaintiff Gail Richards is
preliminarily appointed as the Class Representative and the law firms Flitter
Lorenz, P.C. and Sabatini Law Firm, LLC are preliminarily appointed as counsel
for the Class (hereinafter referred to as "Class Counsel").

5.    PRELIMINARY DETERMINATION ON CLASS CERTIFICATION
– The Court preliminarily determines that the Lawsuit satisfies the applicable
prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A. At approximately 185 individuals, the Class Members are so
   numerous that joinder of all of them in the Lawsuit is
   impracticable;

B. There are questions of law and fact common to the Class Members,
   which predominate over any individual questions.  The common
   questions include:

- Whether Defendant violated 15 U.S.C. § 1692e by falsely,
  deceptively or misleadingly representing the balance of the
  amount claimed due;

- Whether Defendant engaged in a false or deceptive
  collection practice as to the true balance on the account
  alleged due;

3

- What amount of statutory damages, if any, are recoverable by Plaintiff and the Class.

In defense, Client Services says that it acted lawfully and that its collection letters fully complied with §1692e of the Fair Debt Collection Practices Act.

C. The claims of the Plaintiff are typical of the claims of the Class Members. Ms. Richards shares the same claim as all the Class Members;

D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving judicial economy.

6.    The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, appears in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class Members, in light of the benefits to Class Members now rather than later; the strength of the Plaintiff's case; the complexity, expense and probable duration of further litigation; the risk and delay inherent in possible further appeals; and, the statutory ceiling on any potential recovery for the Class. 15 U.S.C. § 1692k(a)(2).

4

7.     NOTICES – The Court approves the form and substance of the notice of proposed class action settlement, attached to the Agreement as Exhibit "C." The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entitles entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Class Members of their rights. Dahl Administration is appointed as the Class Action Administrator. In accordance with the Agreement, Dahl Administration shall cause the completed notices to be mailed to the Class Members not later than 20 days after the Court's entry of this Order, *i.e.*, **no later than** June 11, 2015.

8.     EXCLUSIONS – Any Class Member who desires to be excluded from the class must send a written request for exclusion to Dahl Administration with a postmark date no later than 40 days from mailing of class notice, *i.e.*, **no later than** July 21, 2015. To be effective, the written request for exclusion must state: the Class Member's full name, address, telephone number, and email address (if available); and that the Class Member wishes to be excluded. Any Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of the Agreement.

5

9.     OBJECTIONS – Any Class Member who intends to object to the fairness of the settlement must file a written objection with the Clerk of this Court within 40 days from mailing of class notice, *i.e.*, by __July 21, ᴸᵒᴸ__, 2015. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel and counsel for Client Services.  In any written objection, the Class Member must set forth his or her full name, address, telephone number, and email address (if available), along with a statement of the reasons for his or her objection and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel.  Any Class Member who does not file a valid and timely objection to the settlement shall be barred from objecting.

10.    FINAL APPROVAL – The Court shall conduct a hearing (hereinafter referred to as the "Fairness Hearing") on _October 1, 2015_____, in Courtroom _____3_____, commencing at _10_____ _A_ M., to review and rule upon the following issues:

   A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

   B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court;

6

C. Whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties as set forth in the Agreement; and

D. To discuss and review Class Counsel fees and expenses and any other issues as the Court deems appropriate.

11.     Attendance of the Class Members at the Fairness Hearing is not necessary. The Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard, however, are required to indicate in any written objection whether or not they intend to appear at the Fairness Hearing. The Fairness Hearing may be postponed, adjourned, transferred or continued without further notice to the Class Members.

12.     <u>SUPPORTING MEMORANDA</u> – Submissions by the Parties, including memoranda in support of the proposed settlement and responses to any objections, shall be filed with the Court no later than 14 calendar days prior to the Fairness Hearing.

13.     <u>ATTORNEY'S FEES, COSTS AND EXPENSES</u> – No later than 14 calendar days prior to the Fairness Hearing, *i.e.*, by September 17, 2015          ,

2015, Class Counsel shall file an application for attorney's fees, costs and expenses, as set forth in the Agreement.

14.   The Agreement and this Order shall be null and void if any of the following occur:

A. Any specified condition to the settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

B. The Court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Agreement and/or the Parties fail to consent to the entry of another form of Order in lieu thereof;

C. The Court rejects any component of the Agreement, including any amendments thereto approved by the Parties; or

D. The Court approves the Agreement, including any amendments thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

15.   If the Agreement and/or this Order are voided per ¶ 14 of this Order, then the Agreement shall be of no force and effect and the Parties' rights and

defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this Order never entered.

16.    The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

IT IS SO ORDERED.

DATED: *May 22, 2015*  _____
                                                            U.S.D.J.