# EXHIBIT "1"

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), dated <u>May 19</u>, 2015, is entered into between Gail Richards (hereinafter referred to as "Plaintiff" or "Class Representative"), individually and on behalf of the "Class Members" (as defined below), and Defendant, Client Services, Inc. (hereinafter referred to as "Client Services" or "Defendant"). This Agreement is intended by Client Services and Plaintiff, on behalf of herself and the Class Members (hereinafter collectively referred to as the "Parties"), to fully, finally, and forever resolve, discharge, and settle the "Released Claims" (as defined below) in favor of the "Released Parties" (as defined below), upon and subject to the terms and conditions contained herein.

<u>WITNESSETH:</u>

WHEREAS, on July 21, 2014, Plaintiff, on behalf of herself and all others similarly situated, filed a complaint (hereinafter referred to as the "Lawsuit"), in the Middle District of Pennsylvania at Docket No. 14-cv-01402, asserting claims against Client Services under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*;

WHEREAS, on August 26, 2014, Defendant filed its Answer to Class Complaint with Affirmative Defenses;

WHEREAS, the Parties wish to avoid the expense and uncertainty of continued litigation;

WHEREAS, the Parties desire and intend to settle and resolve the claims asserted in the Lawsuit on a classwide basis;

WHEREAS, the Parties believe that settlement by way of this Agreement is in their best interest;

WHEREAS, counsel for the Class Members has conducted discovery and an evaluation of the claims to determine how best to serve the interests of the Class Members and has conducted confirmatory discovery on certain matters germane to this class settlement;

WHEREAS, counsel for the Class Members believes that the class settlement as provided in this Agreement is in the best interest of the Class Members and is a fair, reasonable, and adequate resolution claims raised in the Lawsuit;

WHEREAS, the Parties desire and intend to seek court approval of the proposed classwide settlement of the Lawsuit as set forth in this Agreement and, upon court approval, to seek a Final Order and Judgment implementing this Agreement and dismissing with prejudice the claims of the Plaintiff and Class Members as set forth herein;

WHEREAS, the Parties and their counsel agree to recommend approval of this Agreement to the Court and to any regulatory authority responding to the proposed settlement per The Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA"), 28 U.S.C. § 1715;

WHEREAS, the Parties agree to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of this settlement;

WHEREFORE, in consideration of the promises, representations, and warranties set forth, the Parties stipulate and agree as follows:

1.   DEFINITIONS – The following definitions shall apply to this Agreement:

A.   "Effective Date" shall mean the first date after "Final Judgment Date" (as defined below) and after Client Services fulfills its obligations required under ¶ 15 of this Agreement.

B.   "Final Judgment Date" shall mean the day upon which the Final Order and Judgment becomes "Final." The Final Order and Judgment shall become "Final" upon the expiration of any available appeal period following entry of the Final Order and Judgment. If any appeal from the Final Order and Judgment is filed, then the Final Judgment Date shall be the first date after the conclusion of all appeals, so long as the Final Order and Judgment is not reversed or vacated.

C.   "Subject Letter" shall mean a letter sent by Client Services substantially the same as the letter dated July 22, 2013, attached to Plaintiff's Complaint as Exhibit A.

D.   "Class Members" shall mean:

(i)   All persons with addresses in the Middle District of Pennsylvania;

(ii)   to whom letters were sent by Client Services;

(iii)   between July 21, 2013 and July 21, 2014;

(iv)   in an attempt to collect a debt incurred primarily for personal, family or household purposes;

(v)     which debt was accruing interest;

(vi)    where the letter states a "Balance Due"; but

(vii)   does not state the date the balance was calculated; and

(viii)  does not state that interest would continue to accrue on the unpaid balance due.

Client Services represents there are 185 Class Members.

E.     "Released Claims" shall mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law (including the FDCPA), state law, common law, or of any other type or form (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), which Plaintiff or any Pennsylvania Class Member has arising out of their receipt of or Client Services' sending of the Subject Letter.

F.     "Released Parties" shall mean Client Services and its past or present directors, officers, employees, agents, insurers, attorneys, and any related or affiliated company, including any parent, subsidiary, predecessor, or successor company and all of their subsidiary entities.

2.     CLASS CERTIFICATION – Concurrent with seeking preliminary approval of the settlement, counsel for the Plaintiff shall seek a preliminary determination on certification, for settlement purposes, of the Class defined in ¶ 1(D) above.

3.     CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT – For settlement purposes, and subject to Court approval, Plaintiff is appointed as the Class Representative for the Class Members and Cary L. Flitter, Theodore E. Lorenz and Andrew M. Milz of the law firm of FLITTER LORENZ, P.C. and Carlo Sabatini and Brett Freeman of SABATINI LAW FIRM, LLC are appointed as counsel for the Class (hereinafter referred to as "Class Counsel").

4.     ORDER OF PRELIMINARY APPROVAL – On or before May 20, 2015, counsel for the Plaintiff shall request the Court enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached hereto as **Exhibit A**. Defendant shall not oppose the relief sought in the motion for preliminary approval.

5.     FINAL ORDER AND JUDGMENT – If the Court preliminarily approves the settlement, and all other conditions precedent to the settlement are satisfied, counsel for the Plaintiff shall request the Court enter a Final Order and Judgment in substantially the form attached hereto as **Exhibit B**. Defendant shall not oppose the relief sought in the Motion for Final Approval.

6.     ADMINISTRATION AND NOTIFICATION PROCESS – Client Services shall fund fully the administration of the settlement and class notice.  The Class Action Administrator shall be Dahl Administration of Minneapolis, MN, or another qualified administrator mutually agreeable to the parties.

7.     The Class Administrator shall, as expeditiously as possible, but not more than 20 days from the Court's entry of the Order of Preliminary Approval of

Class Action Settlement, provide notice of the settlement to the Class Members as follows:

      A.     <u>Written Notice</u> – The Class Administrator shall send via U.S. mail a written notice of the proposed class action settlement to each Class Member in substantially the form attached as **Exhibit C,** as approved by the Court;

      B.     <u>Address Updating/Mail Returns</u> – Before sending the written notice required by the previous subparagraph, the Class Administrator shall confirm and, if necessary, update the addresses for the Class Members through the NCOA database or other standard methodology that the administrator currently uses to update addresses. Client Services' obligation to provide notice of the proposed settlement will be considered fulfilled upon the mailing of the written notices by the Class Administrator. The Class Administrator will forward any notices that are returned with a forwarding address and shall update the Class Member address list with all forwarding addresses.

8.     <u>REQUESTS FOR EXCLUSION AND OBJECTIONS</u> – The Settlement Administrator shall administer any and all requests for exclusion, and promptly send a copy of any exclusion request to counsel for the parties for appropriate docketing.

9.     Any Class Member who desires to be excluded from the class must mail a written request for exclusion to the Administrator with a postmark date no later than 40 days from mailing of Class Notice. The Class Administrator shall promptly provide a list of the names of each Class Member who submitted a timely exclusion to Class Counsel and counsel for Client Services. A copy of

this list will be filed with the Court, along with the Plaintiff's Motion for Final Approval of Class Action Settlement.

10.    In the written request for exclusion, the Class Member must set forth his or her full name, address, and telephone number along with a statement that he or she wishes to be excluded.

11.    Any Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of this Agreement.

12.    Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Clerk of the Court within 40 days from the mailing of Notice of proposed class settlement.   Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel and counsel for Client Services.   In the written objection, the Class Member must state: his or her full name, address, telephone number and email address (if available); the reasons for his or her objection; and, whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. The Class Member must also sign the objection, personally or through counsel.

13.    Any Class Member who does not file a valid and timely objection to the settlement shall be barred from objecting to the settlement.

14.    RELEASES – As of the Effective Date, Plaintiff and the Class Members discharge the Released Parties from the Released Claims.

15.    SETTLEMENT CONSIDERATION – In consideration for the foregoing releases, the Parties agree to the following:

A.     <u>Settlement Checks to Class Members</u> – Within ten (10) days of final approval, Defendant Client Services will pay $70,000.00 to the Class Administrator to create the Settlement Fund.   The Settlement Fund of $70,000.00 will be distributed by the Administrator in checks of equal amounts to each of the 185 Class Members (a) who have *not* excluded themselves from the class and (b) whose class notice is *not* returned as undeliverable and without a forwarding address.  If no Class Members exclude themselves from the class, and if none of the class notices are returned as undeliverable, then the amount of each check would be approximately $378. There shall be no reverter of any funds to Defendant.

B.     The settlement checks provided to the Class Members pursuant to this Agreement shall be sent via U.S. mail no later than 20 days after Final Judgment.  Each settlement check will be negotiable for a period of 120 days after it is mailed, and the checks shall prominently so state.  After 75 days have passed from mailing of the settlement checks, the Administrator shall send a short reminder letter to those Class Members whose checks have not been cashed that the check is outstanding and must be negotiated or deposited by the date stated on the check, or the check will become stale.

C.     *Cy Pres Award* – Any residual settlement funds (*e.g.*, checks not cashed within 120 days after the check date) shall be awarded to North Penn Legal Services, 33 N. Main Street, Suite 200, Pittston, PA  18640, a non-profit legal-aid organization, as a *cy pres* remedy for the Settlement Class. The funds shall be used to aid and educate low income consumers in the Middle District

of Pennsylvania facing debt and credit issues, such as by providing consumer education and financial literacy.

D.    Class Representative Service Award and Settlement – Within thirty (30) days after Final Judgment, Client Services shall pay Plaintiff a settlement for her individual FDCPA claim in the amount of $1,000.00, 15 U.S.C. § 1692k(a)(2)(B)(i).  Additionally, in recognition of Plaintiff's services as the Class Representative, Client Services shall pay Plaintiff a $2,000.00 service award, subject to approval of the Court.  These payments to the Class Representative are separate and apart from any settlement fund to be distributed in equal shares to Class Members as set forth in ¶15(A).

16.    ATTORNEY'S FEES, COSTS, AND EXPENSES – Within thirty (30) days after Final Judgment, Client Services shall pay to Class Counsel approved reasonable attorneys' fees and expenses under 15 U.S.C. § 1692k in an amount not to exceed $60,000.00.  Client Services shall not oppose Plaintiff's application for, and agrees to pay, separate from the settlement fund, the amount awarded up to $60,000.00 for Class Counsel fees and litigation expenses.

17.    TERMINATION – After completing a good faith negotiation, Plaintiff and Client Services shall each have the right to terminate this Agreement by providing written notice to the other within 7 days of:

A.    The Court's refusal to enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached as **Exhibit A**;

B.    The Court's refusal to approve the settlement following notice to the Pennsylvania Class Members and the fairness hearing; or

C.    The Court's refusal to enter a Final Order and Judgment in substantially the form attached as **Exhibit B**.

18.    If either Plaintiff or Client Services terminates this Agreement as provided herein, the Agreement shall be of no force or effect and the Parties' rights and defenses shall be restored, without prejudice to their respective positions as if this Agreement had never been executed.

19.    MISCELLANEOUS PROVISIONS – Any exhibits to this Agreement are an integral part of the settlement and are expressly incorporated herein as part of this Agreement.

20.    This Agreement is for settlement purposes only.  The Parties acknowledge that this Agreement is not an admission of wrongdoing, negligence, or liability by Client Services.  In fact, Client Services expressly denies any wrongdoing, negligence or liability, but has agreed to this settlement to avoid protracted litigation.  This Agreement shall not be offered or be admissible against Client Services, or cited or referred to in any action or proceeding, except in an action or proceeding brought to enforce its terms.

21.    No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

22.    This Agreement contains the entire agreement between the Parties and supersedes any and all other agreements between the Parties.  The terms of this Agreement are contractual.

23.    This Agreement shall be interpreted in accordance with Pennsylvania law.

24.    Any dispute, challenge, or question relating to this Agreement shall be heard by this Court.

25.    The Parties shall request that the Court retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiff and all Class Members, and over the administration and enforcement of this Agreement.

26.    This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, heirs, successors, and assigns.

27.    In the event that any of the provisions of this Agreement are held invalid or unenforceable for any reason, such invalidity or unenforceability shall not affect other provisions of this Agreement.

28.    This Agreement shall be deemed to have been drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such party.

29.    This Agreement may be signed in counterparts.  The separate signature pages executed by the Parties and their counsel may be combined to create a

document binding on all of the Parties and together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this _ day of *May 19,* 2015.

CLIENT SERVICES, INC.

GAIL RICHARDS, Plaintiff

BY: _____

Approved as to form by counsel:

Approved as to form by counsel:

Cary L. Flitter
cflitter@consumerslaw.com
Theodore E. Lorenz
lorenz@consumerslaw.com
Andrew M. Milz
amilz@consumerslaw.com
FLITTER LORENZ, P.C.
450 North Narberth Avenue, Suite 101
Narberth, PA 19072
Telephone No.: (610) 822-0782
Facsimile No.: (610) 667-0552

Andrew M. Schwartz
aschwartz@mdwcg.com
Marshall, Dennehey, Warner,
Coleman & Goggin, P.C.
2000 Market Street
Suite 2300
Philadelphia, PA 19103-4797
Telephone No.: (215) 575-2765
Facsimile No.: (215) 575-0856

Attorney for Defendant,
Client Services, Inc.

Carlo Sabatini
carlo@bankruptcypa.com
Brett Freeman
brett@bankruptcypa.com
SABATINI LAW FIRM, LLC
216 N. Blakely Street
Dunmore, PA 18512
Telephone No.: (570) 341-9000
Facsimile No.: (570) 504-2769

Attorneys for Plaintiff,
Gail Richards and the Class

document binding on all of the Parties and together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this 9th day of May 2015.

CLIENT SERVICES, INC.

_____
GAIL RICHARDS, Plaintiff

BY: Jeffrey Spector, General Counsel

Approved as to form by counsel:

Approved as to form by counsel:

_____
Cary L. Flitter
cflitter@consumerslaw.com
Theodore E. Lorenz
lorenz@consumerslaw.com
Andrew M. Milz
amilz@consumerslaw.com
FLITTER LORENZ, P.C.
450 North Narberth Avenue, Suite 101
Narberth, PA 19072
Telephone No.: (610) 822-0782
Facsimile No.: (610) 667-0552

Carlo Sabatini
carlo@bankruptcypa.com
Brett Freeman
brett@bankruptcypa.com
SABATINI LAW FIRM, LLC
216 N. Blakely Street
Dunmore, PA 18512
Telephone No.: (570) 341-9000
Facsimile No.: (570) 504-2769

Attorneys for Plaintiff,
Gail Richards and the Class

Andrew M. Schwartz
aschwartz@mdwcg.com
Marshall, Dennehey, Warner,
Coleman & Goggin, P.C.
2000 Market Street
Suite 2300
Philadelphia, PA 19103-4797
Telephone No.: (215) 575-2765
Facsimile No.: (215) 575-0856

Attorney for Defendant,
Client Services, Inc.

12

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAIL RICHARDS, individually and on behalf of herself and all others similarly situated<br><br>             Plaintiff<br><br>        vs.<br><br>CLIENT SERVICES, INC.<br>             Defendant | CLASS ACTION<br><br><br><br><br>NO.  14-cv-1402<br><br><br>(FILED ELECTRONICALLY) |

**ORDER OF PRELIMINARY APPROVAL**
**OF CLASS ACTION SETTLEMENT AND PRELIMINARY**
**DETERMINATION OF CLASS ACTION STATUS**

WHEREAS, the Court has been advised that the parties to this action, Gail Richards (hereinafter referred to as "Plaintiff" or "Class Representative"), individually and on behalf of the "Class Members" (as defined below), and Defendant Client Services, Inc. (hereinafter referred to as "Client Services" or "Defendant"), have agreed, subject to Court approval, to settle the above-captioned lawsuit (hereinafter referred to as the "Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement (hereinafter referred to as the "Agreement").  The definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

NOW, THEREFORE, based upon the Agreement and all of the records and proceedings herein, and it appearing to the Court upon preliminary examination that the Agreement appears fair, reasonable and adequate, and that a hearing

should be held to determine finally whether the Agreement and settlement are fair, reasonable and adequate, whether to grant class certification for purposes of settlement, and to determine whether a Final Order and Judgment should be entered in this Lawsuit;

The Court makes a preliminary determination that the Class may be certified under Fed. R. Civ. P. 23;

IT IS HEREBY ORDERED:

1.     The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2.     In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715, Client Services has or shall promptly provide written notice of the proposed class settlement to the appropriate authorities.

3.     CLASS MEMBERS – Pursuant to Fed. R. Civ. P. 23(b)(3), the Court has made a preliminary determination of certification, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members"):

> All persons with addresses in the counties comprising the Middle District of Pennsylvania, to whom letters were sent by Client Services, between July 21, 2013 and July 21, 2014, in an attempt to collect a debt incurred primarily for personal, family or household purposes, which debt was accruing interest, where the letter states a "Balance Due", but does not state the date the balance was calculated, and does not state that interest would continue to accrue on the unpaid balance due.

2

4.    CLASS    REPRESENTATIVE    AND    CLASS    COUNSEL

APPOINTMENT – Pursuant to Fed. R. Civ. P. 23, Plaintiff Gail Richards is

preliminarily appointed as the Class Representative and the law firms Flitter

Lorenz, P.C. and Sabatini Law Firm, LLC are preliminarily appointed as counsel

for the Class (hereinafter referred to as "Class Counsel").

5.    PRELIMINARY DETERMINATION ON CLASS CERTIFICATION

– The Court preliminarily determines that the Lawsuit satisfies the applicable

prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A. At approximately 185 individuals, the Class Members are so
numerous that joinder of all of them in the Lawsuit is
impracticable;

B. There are questions of law and fact common to the Class Members,
which predominate over any individual questions.  The common
questions include:

- Whether Defendant violated 15 U.S.C. § 1692e by falsely,
deceptively or misleadingly representing the balance of the
amount claimed due;

- Whether Defendant engaged in a false or deceptive
collection practice as to the true balance on the account
alleged due;

3

- What amount of statutory damages, if any, are recoverable by Plaintiff and the Class.

In defense, Client Services says that it acted lawfully and that its collection letters fully complied with §1692e of the Fair Debt Collection Practices Act.

C. The claims of the Plaintiff are typical of the claims of the Class Members.  Ms. Richards shares the same claim as all the Class Members;

D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving judicial economy.

6.      The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, appears in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class Members, in light of the benefits to Class Members now rather than later; the strength of the Plaintiff's case; the complexity, expense and probable duration of further litigation; the risk and delay inherent in possible further appeals; and, the statutory ceiling on any potential recovery for the Class.  15 U.S.C. § 1692k(a)(2).

4

7.    NOTICES – The Court approves the form and substance of the notice of proposed class action settlement, attached to the Agreement as Exhibit "C." The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entitles entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Class Members of their rights. _____ is appointed as the Class Action Administrator. In accordance with the Agreement, _____ shall cause the completed notices to be mailed to the Class Members not later than 20 days after the Court's entry of this Order, *i.e.*, **no later than** _____.

8.    EXCLUSIONS – Any Class Member who desires to be excluded from the class must send a written request for exclusion to _____ with a postmark date no later than 40 days from mailing of class notice, *i.e.*, **no later than** _____. To be effective, the written request for exclusion must state: the Class Member's full name, address, telephone number, and email address (if available); and that the Class Member wishes to be excluded. Any Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of the Agreement.

9.     OBJECTIONS – Any Class Member who intends to object to the fairness of the settlement must file a written objection with the Clerk of this Court within 40 days from mailing of class notice, *i.e.*, by _____, 2015. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel and counsel for Client Services.  In any written objection, the Class Member must set forth his or her full name, address, telephone number, and email address (if available), along with a statement of the reasons for his or her objection and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel.  Any Class Member who does not file a valid and timely objection to the settlement shall be barred from objecting.

10.     FINAL APPROVAL – The Court shall conduct a hearing (hereinafter referred to as the "Fairness Hearing") on _____, in Courtroom _____, commencing at _____ ___M., to review and rule upon the following issues:

A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court;

C. Whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties as set forth in the Agreement; and

D. To discuss and review Class Counsel fees and expenses and any other issues as the Court deems appropriate.

11.    Attendance of the Class Members at the Fairness Hearing is not necessary.  The Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement.  Class Members wishing to be heard, however, are required to indicate in any written objection whether or not they intend to appear at the Fairness Hearing.   The Fairness Hearing may be postponed, adjourned, transferred or continued without further notice to the Class Members.

12.    SUPPORTING MEMORANDA – Submissions by the Parties, including memoranda in support of the proposed settlement and responses to any objections, shall be filed with the Court no later than 14 calendar days prior to the Fairness Hearing.

13.    ATTORNEY'S FEES, COSTS AND EXPENSES – No later than 14 calendar days prior to the Fairness Hearing, *i.e.*, by _____,

2015, Class Counsel shall file an application for attorney's fees, costs and expenses, as set forth in the Agreement.

14.     The Agreement and this Order shall be null and void if any of the following occur:

        A. Any specified condition to the settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

        B. The Court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Agreement and/or the Parties fail to consent to the entry of another form of Order in lieu thereof;

        C. The Court rejects any component of the Agreement, including any amendments thereto approved by the Parties; or

        D. The Court approves the Agreement, including any amendments thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

15.     If the Agreement and/or this Order are voided per ¶ 14 of this Order, then the Agreement shall be of no force and effect and the Parties' rights and

defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this Order never entered.

16. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

IT IS SO ORDERED.


DATED: _____        _____

                                                    U.S.D.J.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAIL RICHARDS, individually and on behalf of herself and all others similarly situated <br> Plaintiff | CLASS ACTION |
| vs. | NO.  14-cv-1402 |
| CLIENT SERVICES, INC. <br> Defendant | (FILED ELECTRONICALLY) |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

On July 21, 2014, Gail Richards (hereinafter referred to as "Plaintiff" or "Class Representative") filed a Complaint (hereinafter referred to as the "Lawsuit"), asserting claims against Client Services, Inc. (hereinafter referred to as "Client Services"), under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*  Client Services, in its Answer, denied all liability alleged in the Lawsuit and alleged Affirmative Defenses.

After extensive arms-length negotiations, and confirmatory discovery, the Parties entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.  The proposed class action settlement relates to all claims in the Lawsuit.

On or about May 20, 2015, the Plaintiff filed the Agreement, along with a Motion for Preliminary Approval of Class Action Settlement (hereinafter referred

to as the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715, the record reflects that Client Services served written notice of the proposed class settlement on _____, 2015.

On _____, 2015, upon consideration of the Preliminary Approval Motion and the record, the Court entered an order of preliminary approval of class action settlement and a preliminary determination of class action status (hereinafter referred to as the "Preliminary Approval Order") (Doc. No. ___). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) made a preliminary determination (for settlement purposes) that the elements for class certification under Fed. R. Civ. P. 23 had been met; (ii) preliminarily approved the proposed settlement; (iii) preliminarily appointed plaintiff Gail Richards as the Class Representative; (iv) preliminarily appointed Flitter Lorenz, P.C. and Sabatini Law Firm, LLC as counsel for the Class;  (v) set the date and time of the Fairness Hearing; and (vi) directed the sending of notice.

On _____, 2015, a Motion for Final Approval of Class Action Settlement and Class Certification  (Doc. No. ____) was filed; (hereinafter referred to as the "Final Approval Motion").

On _____, 2015, after notice was sent, a Fairness Hearing was held pursuant to the terms of the Notice and Fed. R. Civ. P. 23 to determine

whether the Lawsuit satisfied the requirements for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, in the best interest of the settling class members and should be finally approved by the Court.

The Court has read and considered the Agreement and record.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

2.      The Court has jurisdiction over the subject matter of the Class Action and over all settling parties hereto.

3.      CLASS MEMBERS – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby finally certified as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> All persons with addresses in the counties comprising the Middle District of Pennsylvania, to whom letters were sent by Client Services, between July 21, 2013 and July 21, 2014, in an attempt to collect a debt incurred primarily for personal, family or household purposes, which debt was accruing interest, where the letter states a "Balance Due", but does not state the date the balance was calculated, and does not state that interest would continue to accrue on the unpaid balance due.

4.      CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT – Pursuant to Fed. R. Civ. P. 23, the Court finally certifies

Plaintiff Gail Richards as the Class Representative and the law firm of Flitter Lorenz, P.C. and Sabatini Law Firm, LLC as Class Counsel for the Class.

5.     <u>FINAL CLASS CERTIFICATION</u> – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.     At approximately 185 individuals, the Middle District of Pennsylvania Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.     There are questions of law and fact common to the Pennsylvania Class Members, which predominate over any individual questions.  The common questions include:

- Whether Defendant violated 15 U.S.C. § 1692e by falsely, deceptively or misleadingly representing the balance of the amount claimed due;

- Whether Defendant engaged in a false or deceptive collection practice as to the true balance on the account alleged due;

- What amount of statutory damages, if any, are recoverable by Plaintiff and the Class.

In defense, Client Services states that it acted lawfully, and that its collection letter fully complied with §1692e of the Fair Debt Collection Practices Act.

C.    The claims of the Plaintiff are typical of the claims of the Class Members.  All were subjected to the same practice;

D.    The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E.    Class treatment of these claims will be efficient and manageable, thereby achieving judicial economy.

6.    The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the statutory ceiling on any potential recovery for the class.  15 U.S.C. § 1692k(a)(2).

7.    NOTICES – Pursuant to the Court's Preliminary Approval Order, the approved class action notice was mailed to the Class Members.   An Affidavit of the Class Administrator has been received of record. The forms and methods for notifying the Class Members of the settlement and its terms and conditions were in

conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the Notice was clearly designed to advise the Class Members of their rights.

8.     SETTLEMENT TERMS – The Agreement, which is attached hereto as Exhibit A and shall be deemed incorporated herein, and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The Parties are hereby directed to perform the terms of the Agreement.

9.     ATTORNEY FEES – The Court has considered Class Counsel's application for counsel fees and costs. The costs for which reimbursement is sought appear to be fair, reasonable and adequately documented, and are approved. Class Counsel's detailed application for fees has been reviewed and the time spent appears to be fair, reasonable and necessary for the effective prosecution of the case. The rates billed and the time spent are supported and appear to be fair and reasonable.     Class     Counsel     fees     are     approved     in     the     sum     of $_____ and expenses in the sum of $_____; fees and costs are approved in the aggregate amount of $_____, which shall be paid by Client Services pursuant to the Agreement.

6

10.    OBJECTIONS AND EXCLUSIONS – The Class Members were given an opportunity to object to the settlement.  _____ Class Member(s) objected to the settlement.  The Class Members were also given an opportunity to exclude themselves from the settlement.  _____ Class Member(s) excluded themselves from the settlement.   A list of opt-outs is appended to this Order. Those individuals are not bound to this settlement or this judgment.  Objection(s), if any, are overruled.

11.    This order is binding on all Class Members, except those who excluded themselves.

12.    RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT – The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement.  Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order, except as to executory obligations required by the Agreement.

13.    The within matter shall be marked dismissed with prejudice.

14.    The Court hereby retains continuing jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration,

7

interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

     IT IS SO ORDERED.

DATED: _____    _____

                                                     U.S.D.J.

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAIL RICHARDS, individually and on behalf of herself and all others similarly situated<br>Plaintiff<br><br>vs.<br><br>CLIENT SERVICES, INC.<br>Defendant | CLASS ACTION<br><br><br>NO.  14-cv-1402<br><br>(FILED ELECTRONICALLY) |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**You are entitled to receive a settlement payment
in connection with a collection letter from
"Client Services, Inc."**

*A federal court has approved this notice.  This is not a solicitation from a lawyer.
You are not being sued.*

- This Lawsuit alleges a violation of a federal consumer law, brought as a class action against Client Services, Inc.   The case was brought on behalf of all persons with addresses in those counties that comprise the  Middle District of Pennsylvania, to whom letters were sent by Client Services, between July 21, 2013 and July 21, 2014, in an attempt to collect a debt incurred primarily for personal, family or household purposes, which debt was accruing interest, where the letter states a "Balance Due", but does not state the date the balance was calculated, and does not state that interest would continue to accrue on the unpaid balance due.

- Client Services' records show that you were sent such a letter and are a member of the Class.

- The parties have reached a settlement, subject to Court approval.  The settlement will yield a pro rata or equal share of the settlement fund to each Class Member who was sent the letter.  The total settlement fund is $70,000.00.

- Your rights are affected whether you act or don't act.  Read this notice carefully.

| Your Legal Rights and Options in this Settlement: | |
|---|---|
| **Do Nothing** | You will receive a settlement payment in the approximate amount of $378.00 if the settlement is approved by the Court. |

| | But, you give up any rights to sue separately concerning the letter Client Services sent you or the legal issues in this case, and you will be bound by this settlement. |
|---|---|
| **Exclude Yourself** | Get out of this Lawsuit.  Get no settlement payment.   If you ask to be excluded you will not share in this settlement.  But you keep any rights to sue Defendant separately about the same legal claims in this Lawsuit, will not be affected by the results of this action, and will not be bound by this case.   Act by _____, 2015. |
| **Object** | If you remain in the class, you may write to the Court about why you don't like the settlement and do not want it approved: Act by _____, 2015. |
| **Go to a Hearing** | If you remain in the class, you may ask to speak in Court about the fairness of the settlement on _____, 2015. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court still has to decide whether to finally approve the settlement.  Payments will be made if the Court finally approves the settlement and after any appeals are resolved.  Please be patient.

## BASIC INFORMATION

**1.  Why did I get this notice package?**

You were sent this court approved Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to finally approve the settlement.  If the Court approves it, and after objections and any appeals are resolved, an administrator approved by the Court will make the payments that the settlement allows.

This notice explains that the Court has preliminarily allowed a class action lawsuit that may affect you.  This class action is known as *Gail Richards, individually and on behalf of herself and all others similarly situated v. Client Services, Inc.*, U.S.D.C. M.D. Pa. No. 14-1402 (ARC). Judge A. Richard Caputo is assigned to this class action.

2

## 2. What is this Lawsuit about?

This Lawsuit is about whether Client Services violated a federal consumer protection law called the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (FDCPA). The Plaintiff says Client Services violated the FDCPA by sending collection letters for debts which were accruing interest that stated a "Balance Due," but did not advise the date the balance was calculated nor whether interest was accruing on the balance.  Client Services has denied liability and asserts its collection communications were proper and that Plaintiff suffered no harm.  This Lawsuit has nothing to do with the underlying debt Client Services was attempting to collect, or whether you owe Client Services any money.   This case is only about whether Client Services sent a collection letter with statements about interest prohibited by the FDCPA when seeking to collect your (and the Class') debt.

## 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case Gail Richards), sue on behalf of people who have similar claims.  The people together are a Class or Class Members.  The individual who sued is called the Plaintiff.  The party sued (in this case Client Services) is called the Defendant.  One Court resolves the issues for everyone in the Class – except for those people who choose to exclude themselves from the Class.

The Court has made a preliminary determination that this action can proceed as a class action for settlement because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts.

The Class has been defined as:

> "All persons with addresses in the counties comprising the Middle District of Pennsylvania, to whom letters were sent by Client Services, between July 21, 2013 and July 21, 2014, in an attempt to collect a debt incurred primarily for personal, family or household purposes, which debt was accruing interest, where the letter states a "Balance Due", but does not state the date the balance was calculated, and does not state that interest would continue to accrue on the unpaid balance due."

All pleadings and filings with the Court can be inspected at the Office of the Clerk for the United States District Court for the Middle District of Pennsylvania, 197 S. Main Street, Wilkes-Barre, PA, 18701 during regular business hours.  www.pamd.uscourts.gov

## 4. Why is there a settlement?

Plaintiff says that Client Services violated the law by sending collection letters which misleadingly represented the balance due in a manner prohibited by the FDCPA.  The Plaintiff sought a money award for statutory damages allowed under the consumer laws for herself and

for each member of the Class. Plaintiff also sought Class Counsel fees and expenses to be paid by Client Services. Client Services denies that it did anything wrong.

Both sides have agreed to a settlement. That way, they avoid the cost and uncertainty of a trial, and the people affected will get compensation. Plaintiff and her attorneys think the settlement is best for all Class Members given the limit that the law places on the possible recovery.

## WHO IS IN THE SETTLEMENT

**5. How do I know that I am part of the settlement?**

The class was identified through Client Services' records, which show that you were sent such a letter.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**6. What does the settlement provide?**

Settlement payments will be distributed in equal or pro rata shares to Class Members who do not exclude themselves and to whom notice by mail is not returned as undeliverable. The total settlement fund (not including Class Counsel fees or expenses) sums to $70,000.00.

**7. How much will my payment be?**

The settlement checks will be mailed to each to the Class Members (a) who do not exclude themselves from the class and (b) whose class notice is not returned undeliverable and without a forwarding address. Any settlement funds remaining from uncashed checks or undistributable funds will be awarded to North Penn Legal Services, 33 N. Main Street, Suite 200, Pittston, PA 18640, a non-profit consumer  organization serving consumers in the Middle District of Pennsylvania, as a *cy pres* remedy for the Settlement Class, for uses including consumer education and literacy.

**HOW YOU GET A PAYMENT**

### 8. How can I get a payment?

So long as you do not choose to exclude yourself from this case, you will remain a Class Member and will receive a payment if the Court finally approves the settlement. If you live at an address other than the one where this Notice was sent, advise the Administrator of your current address. *See* ¶ 11.

### 9. When would I get my payment?

The Court will hold a hearing on _____, 2015 at _____ .M. in Courtroom _____, Max Rosenn U.S. Courthouse, 197 S, Main Street, Wilkes-Barre, PA 18701 to decide whether to finally approve the settlement. If the Court approves the settlement, there is a period in which an appeal could be filed. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. If there is no appeal, checks are generally mailed within 60 days of final approval order.

### 10. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you will stay in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Client Services about the legal issues in *this* case. It also means that the Court's orders or judgments will apply to you and legally bind you. Unless you "opt-out" or exclude yourself from this case, you will agree to give up the below "Released Claims" as defined in the Settlement Agreement, related to the letter:

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you do not want to participate in the proposed settlement, but you want to keep the right to sue or continue to sue Client Services on your own about the legal issues in this case, then you must take steps to get out. This is called excluding yourself – or sometimes referred to as "opting-out" of the settlement Class.

### 11. How do I get out of the settlement?

To exclude yourself from the settlement, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from *Gail Richards v. Client Services, Inc.*, U.S.D.C. M.D. Pa. No. 14-1402 (ARC). Be sure to include your name, address, telephone number, email address, if possible, and your signature. You must mail your exclusion request postmarked no later than _____, 2015 to:

_____

A copy of your Exclusion Request should also be sent to Class Counsel and Defense Counsel at the addresses listed in paragraph 22 below.

**12.  If I don't exclude myself, can I sue Client Services for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue Client Services for the claims asserted in this Class Action Lawsuit.  If you have a pending lawsuit, speak to your lawyer in that case immediately.  You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is _____, 2015.

**13.  If I exclude myself, can I get money from this settlement?**

No.  If you exclude yourself, you will not receive any money from this lawsuit or settlement. But, you may sue, continue to sue, or be part of a different lawsuit against Client Services, as the law allows.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

**14.  How do I tell the Court that I don't like the settlement?**

You can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send an "Objection" in the form of a letter by mail, stating that you object to the proposed settlement in *Gail Richards v. Client Services, Inc.*, U.S.D.C. M.D. Pa. No. 14-1402 (ARC).  Be sure to include your name, address, telephone number, email address, if available, your signature, and the reasons you object to the settlement.  Mail the objection to the address below, (or electronically file your objection if you wish) no later than _____, 2015.

Clerk of the Court
United States District Court
Middle District of Pennsylvania
Max Rosenn U.S. Courthouse
197 S. Main Street
Wilkes-Barre, PA  18701

A copy of your objection should also be sent to Class Counsel and Defense Counsel at the addresses listed in paragraph 22 below.

**15.  What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement, and that you, for that reason, want the settlement *not to* be approved.  You can object only if you stay in

the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE LAWYERS REPRESENTING YOU

**16. Do I have a lawyer in this case?**

The Court decided that the law firms of Flitter Lorenz, P.C., in Narberth, PA and Sabatini Law Firm, LLC in Dunmore, PA are qualified to represent you and all Class Members. These law firms are called Class Counsel.

You do not need your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you may engage one, but you will have to pay that lawyer. You can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you, but you will still be bound by the results of this action. If you engage your own lawyer, he or she must file an entry of appearance with the clerk's office.

**17. How will the lawyers be paid?**

Class Counsel has pursued this case on a fully contingent fee basis and has been paid nothing for their services to date since this case was filed in July 2014. Class Counsel will ask the Court to award fees for their services plus their out-of-pocket litigation costs in a total amount not to exceed $60,000.00 through the final approval hearing. Client Services will not oppose Plaintiff's application for these sums. Class Counsel fees and costs will be separately paid by Defendant in an amount approved or awarded by the Court and attorney fees and costs will not come out of the settlement fund. Class Counsel will file a request for approval of legal fees and costs in that amount on or before _____, 2015. You may obtain a copy of such motion by contacting Class Counsel or visiting the Court's website. A Class Member may respond in writing to the Motion for Attorneys' Fees, Costs and Expenses and any other briefing by _____, 2015, or at the Fairness Hearing.

### THE COURT'S FAIRNESS HEARING

**18. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at _____ M. on _____, 2015, in Courtroom _____ at the Max Rosenn U.S. Courthouse, 197 S. Main Street, Wilkes-Barre, PA 18701. At this hearing the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel for their services and expenses. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**19. Do I have to come to the hearing?**

No.  Class Counsel will answer any questions the Court may pose.  But you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  While not necessary, your own lawyer may attend at your expense.

**20.  May I speak at the hearing?**

You or your attorney should ask the Court for permission to speak at the Fairness Hearing.  To do so, you or your attorney must send a letter stating "Notice of Intention to Appear in *Gail Richards, individually and on behalf of herself and all others similarly situated v. Client Services, Inc.*", Docket No. 14-1402(ARC).   The Notice of Intention to Appear must be postmarked no later than _____, 2015 or electronically filed by that date, and be sent to the Clerk of the Court, the Class Administrator, Class Counsel, and Defense Counsel at the addresses listed in paragraph 21 below.

You cannot speak at the hearing if you exclude yourself.

### GETTING MORE INFORMATION

**21.  How do I get more information?**

You may visit the Court's website at www.paed.uscourts.gov and search for any opinions or orders issued in the case.  If you have further questions or need a copy of the settlement agreement or a copy of any document filed in the case, you may contact Class Counsel at:

CARY L. FLITTER
FLITTER LORENZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA  19072
888-668-1225

CARLO SABATINI
SABATINI LAW FIRM, LLC
216 N. Blakely Street
Dunmore, PA 18512

The name of Defense Counsel is:

ANDREW M. SCHWARTZ
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, P.C.
2000 Market Street, Suite 2300
Philadelphia, PA 19103

This Notice is given at the direction of the Court. The Court has not expressed an opinion on the merits of the case. <u>Do not call the Clerk or the Judge or Defense Counsel</u>. Any questions should be directed to Class Counsel or the Class Administrator.

Dated: _____, 2015                    BY THE CLERK:

                                            _____
                                            Maria E. Elkins
                                            Clerk of the Court
                                            Max Rosenn U.S. Courthouse
                                            Middle District of Pennsylvania
                                            197 S. Main Street
                                            Wilkes-Barre, PA  18701