IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| GAIL RICHARDS, individually and on behalf of herself and all others similarly situated | |
|---|---|
| Plaintiff | |
| vs. | NO. 14-cv-1402 |
| CLIENT SERVICES, INC. | |
| Defendant | (JUDGE CAPUTO) |

## **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

On July 21, 2014, Gail Richards (hereinafter referred to as "Plaintiff" or "Class Representative") filed a Complaint (hereinafter referred to as the "Lawsuit"), asserting claims against Client Services, Inc. (hereinafter referred to as "Client Services"), under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.* Client Services, in its Answer, denied all liability alleged in the Lawsuit and alleged Affirmative Defenses.

After extensive arms-length negotiations, and confirmatory discovery, the Parties entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23. The proposed class action settlement relates to all claims in the Lawsuit.

On or about May 20, 2015, the Plaintiff filed the Agreement, along with a Motion for Preliminary Approval of Class Action Settlement (hereinafter referred

to as the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715, the record reflects that Client Services served written notice of the proposed class settlement on May 27, 2015.

On May 22, 2015, upon consideration of the Preliminary Approval Motion and the record, the Court entered an order of preliminary approval of class action settlement and a preliminary determination of class action status (hereinafter referred to as the "Preliminary Approval Order") (Doc. No. 25). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) made a preliminary determination (for settlement purposes) that the elements for class certification under Fed. R. Civ. P. 23 had been met; (ii) preliminarily approved the proposed settlement; (iii) preliminarily appointed plaintiff Gail Richards as the Class Representative; (iv) preliminarily appointed Flitter Lorenz, P.C. and Sabatini Law Firm, LLC as counsel for the Class; (v) set the date and time of the Fairness Hearing; and (vi) directed the sending of notice.

On September 17, 2015, a Motion for Final Approval of Class Action Settlement and Class Certification (Doc. No. 27) was filed; (hereinafter referred to as the "Final Approval Motion").

On October 1, 2015, after notice was sent, a Fairness Hearing was held pursuant to the terms of the Notice and Fed. R. Civ. P. 23 to determine whether the

Lawsuit satisfied the requirements for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, in the best interest of the settling class members and should be finally approved by the Court.

The Court has read and considered the Agreement and record.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

2. The Court has jurisdiction over the subject matter of the Class Action and over all settling parties hereto.

3. <u>CLASS MEMBERS</u> – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby finally certified as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> All persons with addresses in the counties comprising the Middle District of Pennsylvania, to whom letters were sent by Client Services, between July 21, 2013 and July 21, 2014, in an attempt to collect a debt incurred primarily for personal, family or household purposes, which debt was accruing interest, where the letter states a "Balance Due", but does not state the date the balance was calculated, and does not state that interest would continue to accrue on the unpaid balance due.

4. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u> – Pursuant to Fed. R. Civ. P. 23, the Court finally certifies

Plaintiff Gail Richards as the Class Representative and the law firm of Flitter Lorenz, P.C. and Sabatini Law Firm, LLC as Class Counsel for the Class.

5. <u>FINAL CLASS CERTIFICATION</u> – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A. At approximately 185 individuals, the Class is so numerous that joinder is impracticable;

B. There are questions of law and fact common to the Pennsylvania Class Members, which predominate over any individual questions. The common questions include:

- Whether Defendant violated 15 U.S.C. § 1692e by falsely, deceptively or misleadingly representing the balance of the amount claimed due;
- Whether Defendant engaged in a false or deceptive collection practice as to the true balance on the account alleged due;
- What amount of statutory damages, if any, are recoverable by Plaintiff and the Class.

In defense, Client Services states that it acted lawfully, and that its collection letter fully complied with §1692e of the Fair Debt Collection Practices Act.

4

C. The claims of the Plaintiff are typical of the claims of the Class Members. All were subjected to the same practice;

D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving judicial economy.

6. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the statutory ceiling on any potential recovery for the class. 15 U.S.C. § 1692k(a)(2).

7. <u>NOTICES</u> – Pursuant to the Court's Preliminary Approval Order, the approved class action notice was mailed to the Class Members. An Affidavit of the Class Administrator has been received of record. The forms and methods for notifying the Class Members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the

5

best notice practicable under the circumstances. The Court finds that the Notice was clearly designed to and did advise the Class Members of their rights.

8. SETTLEMENT TERMS – The Agreement, which is attached hereto as Exhibit A and shall be deemed incorporated herein, and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The Parties are hereby directed to perform the terms of the Agreement.

9. ATTORNEY FEES – The Court has considered Class Counsel's application for counsel fees and costs. The costs for which reimbursement is sought are fair, reasonable and adequately documented, and are approved. Class Counsel's detailed application for fees has been reviewed and the time spent is fair, reasonable and necessary for the effective prosecution of the case. The time spent by counsel is fair and reasonable. The rates billed raise a question that occurs in the Middle District of Pennsylvania where counsel who appears for a plaintiff is not local. Lead counsel is a member of the Montgomery County Bar, and practices predominantly in the Eastern District of Pennsylvania where hourly rates of counsel are significantly higher than those in the Middle District of Pennsylvania. In general, the hourly rate should be reasonable in light of "the given geographic area, the nature of the services provided and the experience of the attorneys." *In Re: Rite Aid Corp. Securities Litigation*, 396 F.3d 294, 305 (3d Cir. 2005). It is

also acknowledged that where counsel in the area where the case is litigated is lacking in experience in the particular type of case in question, that counsel from an area where higher rates prevail, should, because of their needed expertise in the type of case in litigation, be awarded a rate higher than the prevailing local rate. *Public Interest Research Group of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1186 (3d Cir. 1995) (Where the Third Circuit Task Force opined that the forum rate should prevail except when the "need for 'the special expertise of counsel from a distant district' is shown or when local counsel are unwilling to handle the case".) Here, Mr. Flitter has extensive experience in class action suits under the Fair Debt Collection Act, and indeed he was engaged for this very reason by Mr. Sabatini, the lawyer who wished to initiate the case. Given the perceived need for experienced class counsel in this case, and given the extensive experience and services of Mr. Flitter in such cases, a rate greater than the rate locally is reasonable. I find that his hourly rate in the Eastern District of $635.00 is reasonable and appropriate in this case.

I will therefore approve a rate of $635.00 per hour for Mr. Flitter, and a rate of $325.00 for Mr. Milz. The rates of Ms. Raughley, Mr. Sabatini and Mr. Freeman are approved.

Therefore, Class Counsel fees are approved in the amount of $53,754.50 and expenses in the amount of $612.85; fees and costs are approved in the aggregate amount of $54,367.35, which shall be paid by Client Services pursuant to the Agreement.

10. <u>OBJECTIONS AND EXCLUSIONS</u> – The Class Members were given an opportunity to object to the settlement. - 0 - Class Member(s) objected to the settlement. The Class Members were also given an opportunity to exclude themselves from the settlement. - 0 - Class Member(s) excluded themselves from the settlement.

11. This order is binding on all Class Members.

12. <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u> – The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order, except as to executory obligations required by the Agreement.

13. The within matter shall be marked dismissed with prejudice.

14. The Court hereby retains continuing jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

**IT IS SO ORDERED**.

DATED: October 5, 2015

A. RICHARD CAPUTO
UNITED STATES DISTRICT JUDGE